## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| JASON CLARK et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.  2:11-cv-01623 |
| | ) |
| v. | ) Judge Mark R. Hornak |
| | ) |
| DALE PROPERTY SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

### <u>MEMORANDUM OPINION</u>

**Mark R. Hornak, United States District Judge**

This civil action was removed to this Court from the Court of Common Pleas of

Washington County, Pennsylvania, on December 22, 2011.  ECF No. 1.  Shortly thereafter,

Defendants moved to transfer this case to the United States District Court for the Northern

District of Texas at Dallas, ECF No. 3, and filed an answer, ECF No. 5.  On January 26, 2012,

Plaintiffs moved to remand the action to the Court of Common Pleas of Washington County and

requested that they be awarded attorneys' fees relative to their remand motion.  ECF No. 8.  The

remand motion has been fully briefed by the parties and is ripe for disposition.

### *I.  Background*

The pleadings and other papers of record in this case reflect that Plaintiffs filed this

action in the Court of Common Pleas of Washington County on or about November 29, 2011.

The Complaint, ECF No. 1-2, contained six (6) Counts, each facially sounding under

Pennsylvania law: Count I for injunctive and declaratory relief; Count II for alleged violations of the Pennsylvania Wage Payment and Collection Law; Count III for alleged violations of the Pennsylvania Minimum Wage Act; Count IV for common law Fraud; Count V for violations of the Pennsylvania Workers' Compensation Act; and Count VI for rescission of an "Operating Agreement."   Defendants claim that they received a copy of the Complaint on or about December 7, 2011, but disclaim that it was properly served under the applicable provisions of Pennsylvania law.

A review of Plaintiffs' Complaint reflects that it is brought on behalf of four (4) named individuals -- Jason Clark, Raymond Lynch, Ronald Palcic and John Ray -- along with various John and Jane Does.  In essence, Plaintiffs allege that they were retained and, in fact, have provided services to the Defendants as "landmen" involved in the acquisition and divestiture of mineral rights from various property owners in Southwestern Pennsylvania.   Compl. ¶ 9. Plaintiffs further claim that Defendants in this action are each part and parcel of organizations incorporated under the laws of the State of Texas, which are engaged in oil and gas drilling services in various states, including Pennsylvania.  *Id.* ¶¶ 5-9.

The long and the short of the Complaint is that although Plaintiffs executed a document entitled "Agreement for Independent Contractor Services" ("Agreement") with one or more of Defendants, ECF Nos. 1, 1-2.  Plaintiffs allege that the reality of their relationship with Defendants is such that they are, have been, and should be treated as employees under the laws governing the employee/ employer relationship, including those statutes set forth in each Count of the Complaint.  *Id.* ¶10.

In accordance with Plaintiffs' assertion that they are Defendants' employees, not independent contractors, Plaintiffs in Count I of their Complaint allege that that they are entitled

2

to (1) "declaratory relief in the form of an order declaring that they are employees of Defendants" and (2) "an order for injunctive relief: prohibiting Defendants from misclassifying Plaintiffs as independent contractors; and requiring Defendants to provide Plaintiffs with all the rights, benefits and privileges of employees." *Id.* ¶¶ 53-54.   They ask the Court to require Defendants to rescind the Agreement and award restitution compensating Plaintiffs "for the reasonable value of the benefit (sic) provided to [Defendants]." *Id.* at 12.   Plaintiffs then demand judgment in favor of each Plaintiff for damages suffered as a result of the conduct alleged, including but not limited to, interest and pre-judgment interest, reasonable attorneys' fees and costs, along with such other further legal and equitable relief as would be deemed "just and necessary." *Id.*

Related to the declaratory and injunctive relief sought, and of particular import to the matter now before the Court, are the following additional provisions within the Complaint:

> "Upon information and belief, Defendants' use of the misclassification of these workers is part of a scheme by which defendant seeks to deny them the benefits, rights and privileges owed to employees under the law." Compl. ¶ 24;

> "Defendants were and are obligated by law to provide certain benefits, rights and privileges to their employees." *Id.* ¶ 42; and

> "These include, but are not limited to, the following: ... h. Certain retirement, health and welfare benefits to which Plaintiffs may be entitled as employees of Defendant." *Id.* ¶ 43.

By virtue of the claims asserted in the Complaint, including the specific factual assertions as set forth above, Defendants removed Plaintiffs' action to this Court, asserting that Plaintiffs' claims for relief are, in reality, claims "arising under" federal law, *e.g.*, the provisions of the

3

Employee Retirement Income Security Act of 1974, 29 U.S. § 1001, *et seq.* ("ERISA"). Defendants allege, given ERISA's broad preemption of state law, that Plaintiffs' claims should be treated as those brought by a "participant" to recover benefits owed to them under the terms of an ERISA-covered benefit plan, enforce rights under the terms of such a plan, and/ or clarify rights to future benefits under the a plan's terms, all pursuant to 29 U.S. § 1132(a)(1)(B).

In essence, Defendants argue that, since ERISA defines the term "participant" to include "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan covering the employees of such an employer", then Plaintiffs' demand for a declaration that they are "employees" of Defendants amounts to a declaration that Plaintiffs' are "participants" in an ERISA-covered benefit plan. 29 U.S. § 1002(7).

Consequently, according to Defendants, this case is an action which seeks to clarify Plaintiffs' rights to benefits under an ERISA-covered health and welfare and/ or retirement plan, meaning Plaintiffs' action necessarily arises under federal law, vesting this Court with subject matter jurisdiction via 28 U.S.C. § 1331.

## *II. Discussion*

In their Motion for Remand,[1] Plaintiffs aver that one can search the Complaint in vain for a reference to any provision of federal law, let alone the provisions of ERISA. Mot. to Remand ¶ 5. Plaintiffs are correct in that regard. However, under federal law, the lack of an ERISA citation on the face of the Complaint is neither the beginning nor the end of the proper inquiry. The Supreme Court has recognized that Congress gave ERISA the broadest possible preemptive

---

[1] Because the Motion to Remand is based on an alleged lack of subject matter jurisdiction, it is timely. 28 U.S.C. § 1447(c).

power under federal law, preemption that completely displaces the application of state law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). By ERISA's express terms, exclusive federal subject matter jurisdiction, whether upon a suit's initiation or its removal, lies where the participant in an employee retirement or welfare benefit plan seeks to clarify rights or to recover benefits under the terms of an ERISA-covered plan. 29 U.S.C. §§ 1002(1), 1132(a)(1)(B) & (e)(1); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004).

In the normal course, "federal question" subject matter jurisdiction does not exist unless the basis for federal jurisdiction is alleged and appears on the face of the complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 n. 9 (1983). An exception to this doctrine applies in those cases where there is complete preemption. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 290 (3d Cir. 2005). Where the claim asserted turns on an application of rights, duties, and obligations created by or within the civil enforcement provisions of ERISA, and the action filed in state court necessarily implicates those rights, obligations, or duties, the suit is, at its core, a "creature of ERISA itself." *See Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27-28 (holding a state tax law did not fall into the "provisions and purposes" or ERISA). If a claim within the complaint implicates ERISA in this manner, then the statute's expansive preemptive power converts the claim to one arising under federal law for purposes of federal question jurisdiction, 28 U.S.C. § 1331, and it may properly be removed to a district court. *See id*; *see also In re Cmty. Bank of N. Va.*, 418 F.3d. at 290.

Given this legal standard, the issue becomes whether the claims for benefit coverage and participation asserted by Plaintiffs trigger ERISA's complete preemption of state law. Based on an examination of Plaintiffs' allegations within their Complaint, the Court concludes that they

do. The central tenet of Plaintiffs' Complaint is that they are not independent contractors but have been, at all relevant times, treated by Defendants as employees, yet denied the benefits attendant to such status. Plaintiffs therefore seek in Count I of their Complaint a declaration that they are, have been, and must be treated as employees by the Defendants for all purposes. This would have the immediate and direct consequence of requiring that they be covered as "participants" under the terms of Defendants' employee health, welfare, and retirement benefit plans and forcing Defendants to credit Plaintiffs for their past service in such plans and to provide to them all future benefits that would be in accordance with their employee/participant status.[2]

In sum, Plaintiffs request for a declaration that they are Defendants' employees would clarify their rights to benefits under the terms of an ERISA-covered plan and would allow for the recovery of benefits under those plans per 29 U.S.C. § 1132(a)(1)(B). The fact that Plaintiffs did not refer to ERISA or any other provision of federal law in their Complaint is of no moment. In resolving Defendants' Notice of Removal and Plaintiffs' Motion for Remand, the Court is obligated to examine the nature of the claims asserted based on the specific allegations of the Complaint in order to determine if they trigger ERISA's complete preemptive effect. Plaintiffs' averments related to (1) their request for declaratory and injunctive relief, including "retirement, health and welfare benefits" and (2) certain damages claimed by Plaintiffs, such as attorneys' fees and interest that are remedies available under ERISA to a participant who has not been provided statutorily required benefits, implicate ERISA and make this a case "arising under"

---

[2] Defendants appear to stipulate, by their Notice of Removal, that Plaintiffs would be covered by one or more ERISA-regulated retirement or welfare plans. Not. of Removal at ¶ 13.

federal law.  29 U.S.C. § 1132(g); *See McMahon v. McDowell*, 794 F.2d 100, 108 (3d Cir. 1986).

Plaintiffs' Motion for Remand is therefore DENIED.[3]

Mark R. Hornak
United States District Judge

Dated: **March 13, 2012**

---

[3] The Complaint also contains claims for relief that are unrelated to benefits under an ERISA-covered retirement or welfare plan.  *See Laborers Combined Funds of Western Pennsylvania v. Ruscitto*, 848 F.Supp. 598, 601-02 (W.D. Pa. 1994).  These claims appear at this juncture to nonetheless be so related to the claims arising under ERISA that they may be fairly treated as forming part of the same "case or controversy," allowing this Court to exercise supplemental jurisdiction over them.  28 U.S.C. §1367(a).